**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTINE PASTERNAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-cv-01681-AJS |
| | ) | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY dba LINCOLN FINANCIAL GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company,[1] ("Defendant" or "Lincoln") file this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Justine Pasternak ("Plaintiff"), and state as follows:

**Parties**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Pennsylvania. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**Jurisdiction**

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group," as that is the marketing name for Lincoln National Corporation and its affiliates.

Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

**History of Case**

5. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the Walmart, Inc. Long Term Disability Plan ("the LTD Plan"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits it issued Group Disability Income Policy numbered GD/GF3-850-290765-01 (the "Policy") to Walmart, Inc. ("Walmart"), which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by the Walmart to provide certain benefits to participating, eligible employees of Walmart. Lincoln admits Plaintiff was, at certain times, employed by Walmart and was, at certain times, a participant in the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff was, at certain times, employed by Walmart and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Walmart was August 9, 2021. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it sent a letter to Plaintiff's counsel dated July 24, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln denies the allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in

Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated July 24, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 11 of the Complaint.

Answering the Prayer for Relief, Lincoln denies that Plaintiff is entitled to any remedy or relief sought against Lincoln and specifically denies that Plaintiff is entitled to the relief sought in subparagraphs a. though c. of the Wherefore paragraph.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was arbitrary and capricious because the Policy and the relevant plan documents contain sufficient discretionary language to invoke that standard.

**Third Affirmative Defense**

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

**Fourth Affirmative Defense**

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**Fifth Affirmative Defense**

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

**Sixth Affirmative Defense**

Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Dated: February 13, 2025

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar No. 16452560)

Admitted *Pro Hac Vice*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025, a true and correct copy of the foregoing was filed through the Court's Electronic Case Filing (ECF) System and that the following attorneys of record are registered to receive notice of said filing through ECF:

Francis M. Moore
Email: fmoore@mansmann-moore.com

***Attorneys for Plaintiff***

/s/ Iwana Rademaekers
Iwana Rademaekers